## WASHINGTON.

---

PETER REYNOLDS, Administrator, *vs*. CHARLES P. & CHARLES
D. CHAPMAN.

A petition for a new trial founded on a statement of the evidence and rulings thereon which has not been allowed and signed by the justice who presided at the trial of the cause, cannot be heard by the Appellate Division of the Supreme Court on a statement of evidence and rulings set forth by affidavit under the provisions of the Judiciary Act, cap. 31, § 7, unless such statement has been first presented to the justice for allowance within the time prescribed by § 6 of the same chapter.

PLAINTIFF'S petition for a new trial.

*Providence, December* 14, 1894. PER CURIAM. At the

trial in the Common Pleas Division on May 7, 1894, the plaintiff was non-suited. On the following day he filed his notice of intention to prefer a petition for a new trial. Time for filing a statement of evidence and rulings thereon was extended by the justice who tried the cause to May 30, 1894. A statement of evidence and rulings thereon was filed by the plaintiff May 28, 1894, which, on May 29, 1894, was disallowed by the justice because it was incomplete and erroneous in many particulars. On June 8, 1894, the plaintiff filed a petition for a new trial, and having obtained a stenographic report of the testimony at the trial which was not presented to the justice who tried the cause for allowance within the time prescribed by the Judiciary Act, cap. 31, § 6, but the correctness of which is supported by the affidavits of persons present at the trial, he now seeks to have us determine his petition on this stenographic report.

We are of the opinion that the petitioner has no standing in court. He relies on the Judiciary Act, cap. 31, § 7, which is as follows: "If the statement of the evidence and rulings thereon be not allowed and signed by the justice within said five days, or the further time prescribed as aforesaid, such unsigned statement shall be filed as aforesaid within the time prescribed; and on the hearing of such petition in the appellate division, the matter of such evidence and the rulings thereon may be set forth by affidavit, subject to counter affidavits, to the satisfaction of the appellate division, with the same effect as if such statement of the evidence with the rulings thereon had been allowed and signed by the justice." We think, however, that this section presupposes that the statement of evidence and rulings referred to on which the petition is to be heard shall be presented to the justice within the time prescribed, and that in case the statement shall not be allowed and signed by him, it shall be filed, and the hearing on the petition for new trial in this division shall be on the statement so filed, the matters set forth in it being proved by affidavits to our satisfaction. The section does not, in our opinion, contemplate a hearing of the petition on a different statement from that presented to the justice.

Petition denied and dismissed and case remitted to the Common Pleas Division.

*James E. Denison*, for plaintiff.

*Albert B. Crafts*, for defendants.

